Dear Governor Frank Keating,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does the immunity from civil liability afforded volunteers by76 O.S. Supp. 2000, § 31[76-31] protect individuals who, involunteering their services free of charge, are not acting withinthe scope of any official duty or function for a charitableorganization or non-profit corporation?
¶ 1 Your inquiry references the statute which provides immunity from civil liability to some volunteers who provide a service to charitable organizations or not-for-profit corporations. The first criterion that an individual must meet to come within the statute's protection is being a "volunteer" under the statute's definition of that term. The statute's definition of "volunteer" requires that persons: (1) act of their own free will, (2) act without any expectation of compensation of any kind, and (3) provide a service which they do not offer for sale to the public.
 [T]he term "volunteer" means a person who enters into a service or undertaking of the person's free will without compensation or expectation of compensation in money or other thing of value in order to provide a service, care, assistance, advice, or other benefit where the person does not offer that type of service, care, assistance, advice or other benefit for sale to the public.
76 O.S. Supp. 2000, § 31[76-31](D)(1).
¶ 2 Next, to be protected by the statutorily conferred immunity, volunteers must be acting in good faith and within the scope of their official functions and duties for a charitable organization or not-for-profit corporation:
 A. Any volunteer shall be immune from liability in a civil action on the basis of any act or omission of the volunteer resulting in damage or injury if:
 1. The volunteer was acting in good faith and within the scope of the volunteer's official functions and duties for a charitable organization or not-for-profit corporation[.]
Id. § 31(A) (emphasis added).
¶ 3 Because your question may be answered by reference to this plain and unambiguous language, there is no need for construction or search for meaning beyond the statute itself. Even if a seemingly inequitable result flows from such legislative intent in an isolated case, the Oklahoma Supreme Court has held that the plain language of a statute cannot be construed to render a different meaning, despite the wisdom or lack thereof. Hines v.Dalton, 217 P. 168, 171 (Okla. 1923). Under the statute, only volunteers who are acting within the scope of their official functions and duties for a charitable organization or not-for-profit organization are afforded immunity.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 76 O.S. Supp. 2000, § 31, which is limited tovolunteers acting within the scope of their official functionsand duties for a charitable organization or not-for-profitorganization, does not provide immunity to volunteers who provideservices as individuals or on behalf of anyone other thancharitable organizations or not-for-profit institutions.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANNETTE HOOPER PRINCE ASSISTANT ATTORNEY GENERAL